UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

HONGHUA CAO,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Acting Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; JEREMY CASEY, Warden at Imperial Regional Detention Center,

Respondents.

Case No.: 3:26-cv-04132-LEK-JLB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Honghua Cao's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on July 17, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Markwayne Mullin, Secretary of the Department of Homeland Security; Todd Blanche, Acting Attorney General; Todd M. Lyons, Acting Director, Immigration and Customs Enforcement; Jesus Rocha, Acting Field Office Director, San Diego Field Office; and Jeremy Casey, Warden at Imperial Regional Detention Center ("Respondents"), filed a response to the Petition ("Response") on July 27, 2026. [Dkt. no. 4.] Petitioner filed a traverse in support of the Petition on July 27, 2026. [Dkt. no. 5.] Although Petitioner requested an evidentiary hearing on any

disputed issues of material facts, see Petition at pg. 14, this Court finds that an evidentiary hearing is not necessary because there are no disputed issues of fact.

## DISCUSSION

Petitioner, a citizen of China, entered the United States on May 1, 2024 to seek asylum. Petitioner was arrested at the border, but he was released to allow him to apply for asylum. [Petition, Declaration of Honghua Cao in support of petition for writ of habeas corpus ("Cao Decl.") at ¶¶ 2-3.] Petitioner was scheduled to appear in immigration court in connection with his asylum application in May 2028. See id. at ¶ 3.

Petitioner was arrested on December 12, 2025. See id. at ¶ 4. Facing the possibility of extended detention until his asylum case was resolved, Petitioner agreed to voluntary departure, which an immigration judge ordered on December 16, 2025. See id. at ¶ 5; see also Petition, Exh. B (Executive Office for Immigration Review Automated Case Information for Petitioner, as of 7/16/26, noting that voluntary departure was granted). However, as of the filing of the Petition, Petitioner was detained at the Imperial Regional Detention Center. See Cao Decl. at ¶ 6.

Petitioner argues that the order permitting voluntary departure converted to a removal order on January 16, 2026. [Petition at pg. 7.] Petitioner asserts that he has been detained for more than six months since that time, and there is no significant likelihood that he will be removed in the reasonably foreseeable future because China has historically been uncooperative in accepting Chinese nationals being returned to China. Petitioner therefore argues that his continued detention violates Zadvydas v. Davis, 533 U.S. 678 (2001), and that the required remedy is immediate release. See Petition at pgs. 7-9. In addition, Petitioner argues that any attempt by U.S. Immigration and Customs Enforcement to remove him to a third country would violate his Fifth Amendment right to due process unless he is given adequate notice and an opportunity to be heard prior to removal. See id. at pgs. 10-13.

Respondents acknowledge that they are "unable to ascertain sufficient facts at this time to establish that there is a significant likelihood of removal in the reasonably foreseeable future," and they therefore concede that "Petitioner is entitled to be released from custody subject to conditions of supervision." [Response at 1 (citations omitted).] The Response does not address Petitioner's argument regarding any attempt to remove him to a third country.

This Court construes Respondents' non-opposition to the Petition as a concession that Petitioner's current detention violates Zadvydas. This Court therefore concludes that Petitioner is entitled to relief pursuant to Title 28 United States Code Section 2241 and orders Petitioner's immediate release. This Court also construes the Response's failure to address Petitioner's requests for injunctive relief as an indication that Respondents do not object to the award of the requested injunctive relief.

## CONCLUSION

For the foregoing reasons, Petitioner Honghua Cao's Petition for Writ of Habeas Corpus, filed July 17, 2026, is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody under the same conditions which existed immediately prior to Petitioner's detention on December 12, 2025. Further, Respondents are ORDERED to return Petitioner's property to him upon his release.

Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless, prior to Petitioner's re-detention, Respondents establish that they have obtained all necessary documents to effect Petitioner's removal to China. Respondents are also ENJOINED AND RESTRAINED from removing Petitioner to a third country without adequate notice and a meaningful opportunity to apply for fear-based relief prior to removal.

The parties are ORDERED to file a joint status report by **August 4, 2026**, confirming that Petitioner has been released.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 28, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**<u>HONGHUA CAO VS. MARKWAYNE MULLIN, ET AL.</u>; CASE NO. 3:26-CV-04132-LEK-JLB; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**